**<u>NOT FOR PUBLICATION</u>**

**UNITED  STATES  DISTRICT  COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| A.A., | : | **Civil Action No. 25-12551** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER  OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff A.A. ("Plaintiff") of the final

decision of the Commissioner of Social Security ("Commissioner") determining that she was not

disabled under the Social Security Act (the "Act").  This Court exercises jurisdiction pursuant to

42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument,

pursuant to L. CIV. R. 78.1(b), finds that the Commissioner's decision will be vacated and

remanded.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, and

social security income, alleging disability beginning December 24, 2016.  Because Plaintiff last

met the insured status requirements of the Social Security Act on December 31, 2016, the relevant

period of disability in this case is December 24, 2016 through December 31, 2016 (the "disability

period").  A hearing was held before ALJ Beth Shillin (the "ALJ") on March 5, 2025 and the ALJ

issued an unfavorable decision on April 9, 2025.  Plaintiff sought review of the decision from the

1

Appeals Council.    After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the instant decision of April 9, 2025, the ALJ found that Plaintiff had the following medically determinable impairments: depressive disorder and anxiety disorder.  But at step two of the sequential evaluation process, the ALJ determined that those impairments were not severe and Plaintiff was therefore not disabled.  Finding no disability at step two, the ALJ did not proceed to the further steps of the analysis.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed, and the case remanded because the ALJ erred in finding no severe impairment at step two.  Because the ALJ erred by applying the incorrect legal standard to step two of the sequential analysis, the Court will vacate and remand the Commissioner's decision.

At step two of the sequential analysis, an ALJ considers whether a claimant has a "severe medically determinable physical or mental impairment" that meets certain regulatory requirements.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).   The Third Circuit has stated clearly that this inquiry is meant to merely serve as a "*de minimis* screening device to dispose of groundless claims."  Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003).  An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work."  SSR 85-28, 1985 WL 56856, at *3. Accordingly, "step two is to be rarely utilized as [the] basis for the denial of benefits" and "its invocation is certain to raise a judicial eyebrow." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 361 (3d Cir. 2004) (citing SSR 85-28, 1985 WL 56856, at *4).  Crucially, any doubt as to whether a showing of severe impairment has been made, should be "resolved in favor of the

2

applicant." Id. at 360.

Keeping in mind that denials of benefits at step two "should be reviewed with close scrutiny," Id., this Court views the relevant evidence of record as raising sufficient doubt as to the severity of Plaintiff's impairments such that the ALJ should have resolved such doubt "in favor of [Plaintiff]." Id.

First, the Court turns to the medical opinion of Dr. Baharlias. On October 4, 2016, roughly two months prior to the disability period, Dr Baharlias completed a report in which he indicated that Plaintiff had mental limitations ranging from mild to marked. (Tr. at 436-438). Specifically, Dr. Baharlias found moderate limitations, meaning limitations that were "more than slight," in Plaintiff's ability to "understand and remember complex instructions" and to "respond appropriately to usual work situations and to changes in a routine work setting," and found marked limitations, meaning he found a "substantial loss in the ability to effectively function," in Plaintiff's ability to "carry out complex instructions" and to "make judgments on complex work-related decisions." (Id.). These constraints are far beyond the "minimal effect on an individual's ability to work," required for a finding of severe impairment at step two, and they certainly raise a doubt as to the severity of Plaintiff's impairments. SSR 85-28, 1985 WL 56856, at *3.

Second, the Court turns to evidence on which the ALJ affirmatively relied in finding no severe impairments. The ALJ appeared to rest her decision, in part, on a few statements made by Dr. Quintana in progress notes before and after the disability period. (Tr. at 475). Specifically, "[Dr. Quintana's] progress notes from December 10, 2016 note that the claimant was somewhat better and less depressed, a report from March 21, 2017 notes that the claimant was the same, and a June 20, 2017 report notes that the claimant was doing well." (Id. at 475). But these notes alone do not show that Plaintiff's claim fails at step two, where an ALJ may only find impairments non-severe

3

if they have "no more than a *minimal* effect on an individual's ability to work." SSR 85-28, 1985 WL 56856, at *3 (emphasis added). All they show is that Plaintiff had demonstrated improvement from prior visits, during which Plaintiff had shown increased anxiety and depression (See Id. at 456 (indicating that in the visit immediately before the December 10, 2026 visit of which the ALJ writes, Plaintiff had presented with increased anxiety and depression)). In fact, these very notes imply that Plaintiff was *still* anxious and depressed—so to the extent they are of use here, they cut in favor of Plaintiff.

In short, the ALJ failed to use step two as a mere "*de minimis* screening device." Newell, 347 at 546, and did not resolve any doubt at this stage in favor of Plaintiff. Instead, the ALJ conducted something closer to a residual functional capacity analysis, engaging in a detailed weighing of the various forms of record evidence against one another to determine what functional limitations Plaintiff may have. This was error. And because the ALJ ended her analysis at step two, that error was necessarily harmful. See Anthony D. v. Comm'r of Soc. Sec., 2025 WL 3718692, at *6 n.4 (D.N.J. Dec. 23, 2025) ("Since the ALJ did not proceed with the other steps in the sequential analysis, the errors identified by this Court are not harmless and require remand.")

For the reasons set forth above, this Court finds that the Commissioner's decision is not supported by substantial evidence and the decision of the Commissioner is vacated and remanded for further proceedings in accordance with this Opinion.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: July 16, 2026

4